CHARLES KAMMAN v. AMOS S. LANE AND FRANK BLUM.

*Replevin for meat seized by an inspector.*

Neither the constitutionality of a statute authorizing an inspector to seize
and condemn meat in the public market, nor the justification of such
a seizure, can be considered in an action of replevin brought by the
owner of meat that has been taken by an inspector, if there is no
evidence of inspection and condemnation beyond the fact that a per-
son, known to the owner as the inspector, marked the meat and took
it away.

Error to Wayne. (Speed, J.)   Oct. 9.—Jan. 7.

REPLEVIN.   Defendants bring error.   Affirmed.

*Edwin F. Conely, William A. Moore* and *Fred. A. Baker*
for appellants.

*John G. Hawley* and *Henry M. Cheever* for appellee.

CHAMPLIN, J.   The plaintiff is a wholesale butcher doing
business on Michigan Grand avenue in the city of Detroit.
He had received at his place of business the carcasses of
twenty-one calves, which had been dressed but not skinned,
to sell on commission.   Defendant Lane was meat inspector
of the city of Detroit, and defendant Blum was his assistant.
On the morning of the 9th of April the defendants went
into plaintiff's place of business, where these calves were
exposed for sale, and selected eight out of the twenty-one,
and marked them and took them away.   Plaintiff knew that
Lane was inspector and that Blum was his assistant.   Before
taking them away Blum requested plaintiff to skin them, but
he refused.   Plaintiff brought replevin before a justice of
the peace, and after suit was commenced, defendant Blum
tendered the skins to plaintiff, and he refused to take them.
The property was not seized upon the writ, and plaintiff pro-
ceeded for its value.   The record does not disclose the plead-
ings in the cause.   The plaintiff recovered before the justice,
and defendants appealed to the circuit where the cause was
again tried and the above facts appeared in evidence.

The only evidence of the action of the defendants was given by the plaintiff. The defendants did not introduce any witnesses in their defense, if they had any. The evidence showed that the calves were worth from eight to ten dollars each. At the close of the testimony the court instructed the jury as follows:

"I am under the impression that under the testimony as it stands, that it does not appear that there has been any condemnation. I don't think that because a police officer has a man in custody, that he necessarily has the right to arrest him, or that the presumption is that he had the right to arrest him, without any reference to such authority. There is nothing appearing that he either examined them or looked at them. There is something said about a mark, but that is not enough. All there is is that he took the meat away, which is the same as though it appeared that he had a man in custody. It is the same as if a police officer should put a cow in pound, and at the same time it would be presumed that he took them upon the highway. In order to justify the officer, it should appear that he examined them, or did something in the way of making an inspection; but you can't draw any presumption until something appears showing that the proper state of facts was presented to him upon which to base a judgment; something more than a presumption that he must have passed judgment. I don't like to see such a case go off on any such grounds, as it will come back without any decision whatever from the Supreme Court; that will be the result of it. You will have all your pains and money spent for nothing. I don't see anything in this testimony which can be construed in any other way, and if you will read it over carefully you will see there is only what he says about the mark. In that view of the case I shall direct the jury to return a verdict for the value of the property as they may find it."

We think the court was right in the view it took of the evidence, and that the questions of justification and of the constitutionality of the law under which the officers were appointed, so very fully, ably and exhaustively presented and argued by the counsel for defendants, are not raised by this record. It follows that

The judgment must be affirmed.

The other Justices concurred.